```
                                                          CLERK'S OFFICE U.S. DIST. COURT
                                                                AT ROANOKE, VA
                                                                     FILED
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF VIRGINIA                   JAN 0 6 2006
                    ROANOKE DIVISION
                                                          JOHN F. CORCORAN, CLERK
                                                          BY:
                                                                DEPUTY CLERK
```

FRANK BESMON SILVERTHORNE,         )
    Plaintiff,                                )    Civil Action No. 7:06CV00001
                                                       )
v.                                                    )    **MEMORANDUM OPINION**
                                                       )
                                                       )    By Hon. Glen E. Conrad
MR. SHARP, et al.,                              )    United States District Judge
    Defendants.                           )

    The plaintiff, Frank Besmon Silverthorne, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[*]

### Background

    The plaintiff alleges that the defendants refused to feed him his dinner meal on August 22, 2005. According to the plaintiff, the defendants told their supervisor that the plaintiff had a cup of feces sitting on the sink in his cell, and that the plaintiff threatened to throw the cup on them. However, the plaintiff contends that he did not have a cup of feces sitting on his sink, and that the defendants' allegations were simply false.

### Discussion

    The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient

---

[*] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, an inmate must allege facts which show that he has either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement, or that the conditions have created an unreasonable risk of serious injury. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. The plaintiff does not allege that prison officials have seriously deprived him of other meals, or that he has suffered any adverse physical or mental effects from not receiving his dinner meal on August 22, 2005. While the plaintiff may be angry about the defendants' statements regarding the cup of feces, the alleged deprivation in this case does not rise to the level of a serious or significant physical or mental injury. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (dismissing the plaintiff's claim that he only received two meals on weekends and holidays, since he made "no suggestion of any deleterious physical or mental effects from this meal schedule.").

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 6th day of January, 2006.

_____
United States District Judge